UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-5181 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| ILLINOIS STATE BOARD OF | ) | |
| EDUCATION, EAST AURORA SCHOOL | ) | |
| DISTRICT 131, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Robert Green brings the present two-count amended complaint against East Aurora School District 131 and certain school district defendants (Count I), along with the Illinois State Board of Education ("ISBE") and individual ISBE defendants (Count II). For the sake of clarity, the Court will address Count II in the present ruling and Count I in a separate order. In Count II, Green alleges race and age discrimination claims, pursuant to Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"), and Fourteenth Amendment due process and equal protection claims under 42 U.S.C. § 1983. The ISBE defendants move to dismiss Count II of the amended complaint under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the ISBE defendants' motion.[1]

**Background**

In setting forth the background facts, the Court construes Green's pro se pleadings liberally. *Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020). The Court also considers documents attached to pleadings that are central to Green's claims. *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019); *Community Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 809 n.2

---

[1] The Court presumes familiarity with its ruling on the school district defendants' motions to dismiss Count I.

(7th Cir. 2018).

Green is a 64 year-old African-American man who was a physical education and health teacher with East Aurora School District 131 from 1980 until 2013. In 2010, the school district terminated Green's employment for using force to maintain discipline, but then reinstated him. Again, in 2013, the school district terminated Green's employment for using physical force in discipling a student. In relation to Green's 2013 discharge from the school district, the ISBE reviewed the charges related to Green's termination pursuant to the relevant CBA and 105 ILCS 5/24-12, which sets forth an administrative process in relation to the dismissal of a tenured teacher.

In his amended pro se complaint, Green alleges that the ISBE defendants failed to enforce an August 19, 2014 subpoena issued to the East Aurora School District. According to Green, the subpoena was for his personnel records so the state board could investigate whether he had engaged in teacher misconduct. Green surmises that the ISBE defendants ignored this subpoena because he had retired in May 2014. According to Green, the ISBE cleared him of any wrongdoing in 2018.

Green discovered that the ISBE did not enforce his subpoena in 2018, after which he filed a charge with the EEOC in April 2019 alleging race, age, and sex discrimination, along with due process and equal protection violations against the ISBE. In May 2019, the EEOC issued a right-to-sue letter stating that it did not have jurisdiction. Green filed this federal lawsuit in July 2019.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss,

plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

First, because Green can only sue his employer or former employer under the ADEA and Title VII, any such claims against the ISBE defendants necessarily fail. *See Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928-29 (7th Cir. 2017); *Small v. Chao*, 398 F.3d 894, 897 (7th Cir. 2005). Moreover, the ISBE defendants were not Green's indirect employer as he suggests, but instead, the ISBE is a state agency comprised of board members who administer public education in Illinois. Furthermore, not only is there a lack of an employer-employee relationship, Green has not alleged an adverse employment action as defined by Title VII and ADEA, but rather alleges that the ISBE investigated him and then cleared him of misconduct – after he had left his employment with the school district. *See Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016) ("a materially adverse employment action is one which visits upon a plaintiff 'a significant change in employment status.'") (citation omitted). The Court therefore dismisses Green's federal employment discrimination claims against the ISBE defendants.

Next, Green's § 1983 claims against the ISBE defendants for damages fail because litigants cannot bring claims for money damages against states or state agencies based on the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."). Equally important, as to Green's § 1983 claims against the individual ISBE defendants, he fails to allege that they were personally involved in any constitutional violations. *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019) ("officials may satisfy the personal responsibility requirement of section 1983 if the conduct causing the constitutional deprivation

occurs at the official's direction or with his or her knowledge and consent."). In fact, Green does not allege a constitutional deprivation in the first instance.

Although Green contends he is also seeking injunctive relief – and thus the Eleventh Amendment does not bar him from suing the state defendants under § 1983 – he fails to explain what he wants enjoined. Green admits that the ISBE cleared him of wrongdoing, which would remedy any harm resulting from the ISBE's failure to enforce its August 2014 subpoena. As to Green's allegations that the ISBE made false statements about the status of his investigation, these allegations alone do not amount to a constitutional deprivation.

Last, the Court grants the ISBE defendants' motion to dismiss with prejudice and will not grant Green leave to amend because any such amendment would be futile. *See Divane v. Northwestern Univ.*, 953 F.3d 980, 993 (7th Cir. 2020). To explain, Green cannot bring federal employment discrimination claims against the ISBE defendants because they were not his employer, and, under the facts of the case, he has not alleged an adverse employment action. Further, the two-year statute of limitations for any constitutional claims based Green's 2013 termination has long since passed. *See Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019).

**Conclusion**

Based on the foregoing, the Court grants the ISBE defendants' motion to dismiss with prejudice [20]. Civil case terminated.

IT IS SO ORDERED.

Date: 6/24/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge