UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT GREEN, | ) |
| Plaintiff, | ) Case No. 19-cv-5181 |
| v. | ) Judge Sharon Johnson Coleman |
| ILLINOIS STATE BOARD OF EDUCATION, EAST AURORA SCHOOL DISTRICT 131, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Robert Green brings the present two-count amended complaint against East Aurora School District 131, its former superintendent Michael Popp, and one of the district's attorneys, Bernard Weiler (Count I), along with the Illinois State Board of Education ("ISBE") and individual ISBE defendants (Count II). For the sake of clarity, the Court will address Count I in the present ruling and Count II in a separate order. In Count I, Green alleges race and age discrimination claims pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. §§ 1981, 1983. The East Aurora School District defendants move to dismiss Count I of the amended complaint based on claim preclusion. For the following reasons, the Court grants the school district defendants' motions.[1]

**Background**

In setting forth the background facts, the Court construes Green's pro se pleadings liberally. *Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020). The Court also considers documents attached to pleadings that are central to Green's claims. *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019); *Community Bank of Trenton v. Schnuck Mkts., Inc.*, 887 F.3d 803, 809 n.2

---

[1] The Court presumes familiarity with its ruling on the ISBE defendants' motion to dismiss Count II.

(7th Cir. 2018).

Green is a 64 year-old African-American man who was a physical education and health teacher with the East Aurora School District from 1980 until 2013. In 2010, the school district terminated Green's employment for using force to maintain discipline, but then reinstated him. Again, in 2013, the school district terminated Green's employment for using physical force in discipling a student. Green alleges that he entered into the Illinois Teacher Retirement System on May 1, 2014.

In 2007 and 2015, Green filed two separate federal lawsuits in relation to his employment with the East Aurora School District. In his first lawsuit filed in 2007, he alleged race and age discrimination and retaliation based on his removal from paid coaching positions. That case was dismissed in 2009 pursuant to a settlement agreement. In 2015, Green filed another federal lawsuit against the school district alleging race discrimination and retaliation claims relating to his 2010 and 2013 terminations. The 2015 lawsuit was dismissed in 2016 pursuant to a settlement agreement.

In his 2016 settlement agreement, Green released and discharged the district, its administration, and agents from "any and all claims known or unknown, asserted or unasserted, which Green has or may have as the date of execution of this Agreement, including, but not limited to violations of" Title VII, the ADEA, and other federal laws. (R. 65, Ex. H.) Green also released certain causes of action pending in both state and federal courts, including the 2015 federal district court lawsuit. Green was represented by counsel when he entered into the 2016 settlement agreement.

In his amended pro se complaint, Green alleges that the school district defendants failed to comply with an August 19, 2014 subpoena issued by the ISBE. According to Green, the subpoena was for his personnel records so the state board could investigate whether he had engaged in misconduct. Green further alleges that the ISBE cleared him of any wrongdoing in 2018.

Nonetheless, once Green found out about school district's failure to respond to the subpoena, he filed an EEOC charge in April 2019 alleging race, age, and sex discrimination based on the school district's failure to comply with the subpoena. In May 2019, the EEOC issued a right-to-sue letter stating that it did not have jurisdiction. This lawsuit followed.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

The school district defendants argue that Green is barred from bringing the present claims based on claim preclusion and the 2016 settlement agreement. The Court agrees. Federal claim preclusion "bars claims that were litigated or could have been litigated in a previous proceeding when three elements are met: (1) identity of the parties or their privies between the two actions; (2) a final judgment on the merits in an earlier proceeding; and (3) identity of the causes of action." *Arrigo v. Link*, 836 F.3d 787, 798-99 (7th Cir. 2016). Claim preclusion "promotes predictability in the judicial process, preserves the limited resources of the judiciary, and protects litigants from the expense and disruption of being haled into court repeatedly." *Palka v. City of Chicago,* 662 F.3d 428, 437 (7th Cir. 2011).

All of the claim preclusion elements are present, namely, identity of parties and claims and a final judgment on the merits. In fact, Green does not dispute that the claim preclusion elements are

met, but rather that the school district conspired to defraud the federal courts. He further contends that he has stated a plausible claim for relief because the school district's failure to reply to the subpoena is an adverse employment action under Title VII and the ADEA – which it clearly is not. *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016) ("a materially adverse employment action is one which visits upon a plaintiff 'a significant change in employment status.'") (citation omitted). Also, Green attempts to add new allegations and claims in his response brief to boost his case, but "a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).

In the end, Green cannot get around the fact that he is barred from bringing this lawsuit against the school district defendants under the doctrine of claim preclusion and that he released and discharged the school district, its administration, and agents, such as defendants Popp and Weiler, from "any and all claims known or unknown, asserted or unasserted, which Green has or may have as the date of execution of this Agreement, including, but not limited to violations of" Title VII, the ADEA, and other federal laws. Accordingly, the Court grants the school district defendants' motions.

**Conclusion**

Based on the foregoing, the Court grants the school district defendants' motions to dismiss with prejudice [25, 39]. Civil case terminated.

IT IS SO ORDERED.

Date: 6/24/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4